## LENAPAH SUPPLY CO. v. STEWART.

No. 18498. Opinion Filed July 17, 1928.

(Syllabus.)

### Appeal and Error—Judgment on Conflicting Evidence not Disturbed Where Verdict Reasonably Supported.

Where the judgment of the trial court is based upon conflicting evidence and there is competent evidence which reasonably tends to support the judgment of the court, the judgment will not be disturbed on appeal.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by the Lenapah Supply Company against M. L. Stewart. Judgment for defendant, and plaintiff appeals. Affirmed.

John F. Pendleton, for plaintiff in error.

C. F. Gowdy, for defendant in error.

HEFNER, J. The plaintiff in error, as plaintiff, brought this action against the defendant in error, as defendant, in the district court of Nowata county. The action was brought to foreclose a mortgage on certain personal property to secure the payment of a promissory note.

The defendant admitted the execution of the note and mortgage, but pleaded that the same had been fully paid. The plea of payment was denied by the plaintiff in its reply. The plaintiff alleges that the defendant was working as an employee of the plaintiff, and without the knowledge or consent of the plaintiff ordered certain furniture and household goods from wholesale houses with whom the plaintiff had been doing business, and that the plaintiff did not authorize the purchases and knew nothing of them; the first purchase being approximately $1,000 from the Abernathy Furniture Company, and subsequently the defendant ordered two bills of goods from the Wm. Volker Company, one bill amounting to $210.70 and the other to $52.65, and that the defendant, without the knowledge or consent of the plaintiff, had the same charged to plaintiff; and in order to maintain its credit with the wholesale house plaintiff had to pay the Wm. Volker bill, and the defendant, in return therefor to secure the plaintiff for said payment, gave the plaintiff the note and mortgage herein sued upon.

The defendant pleaded that he bought 40 shares of stock of the par value of $25 each in the plaintiff company, a corporation, from G. W. Patchett, president and general manager of said company, for the sum of $1,750 cash, and an agreement with the president that the defendant would be employed as clerk during the time he owned his stock, and for such service he would be paid the sum of $80 per month. That without cause the defendant was discharged. That the business was a paying business, but through high salaries to the members of the Patchett family and other expenses made and created with the view of taking up the earnings, there had never been a dividend payment made on the stock. That the defendant bought the household goods, and when the payment became due, he informed the plaintiff that he must have settlement, and unless the plaintiff would pay off the balance due the Abernathy people and settle the claim herein sued on in full he would be forced to take action toward having a receiver appointed and make an accounting of the business of the plaintiff, and the plaintiff did settle with the Abernathy people and canceled the claim herein sued upon.

Upon these issues the case was tried to a jury and the court instructed the jury as follows:

"You are instructed that if you find from a preponderance of the evidence that the defendant M. L. Stewart has paid the note and mortgage by a settlement as alleged in his answer, then your verdict should be for the defendant. If you do not so find by a preponderance of the evidence, then your verdict should be for the plaintiff, giving it possession of the goods sued for in this action."

The jury returned a verdict against the plaintiff and in favor of the defendant, and judgment was entered accordingly by the court.

Plaintiff urges that the verdict of the jury is not sustained by sufficient evidence and is contrary to the law. The defendant testified to substantially the same facts pleaded by him. The jury evidently believed his testimony or they would not have returned a verdict in his favor. His evidence is sufficient to sustain the verdict of the jury.

The defendant testified that Mr. Patchett was president and general manager of the plaintiff, and that he had an agreement with him about employment if he bought the stock in the company. This evidence was objected to by the plaintiff because it was incompetent, irrelevant, and immaterial. The court admitted the evidence about the agreement and the plaintiff urges that it committed substantial error when it permitted the defendant to testify to these facts. Mr. Patchett was the president and general manager of the plaintiff and in active charge of its business affairs. The court did not commit error when it permitted the defendant

to testify as to the agreement defendant had with the plaintiff's president and general manager.

Where the judgment of the trial court is based upon conflicting evidence, and there is competent evidence which reasonably tends to support the judgment of the court, the judgment will not be disturbed on appeal.

The evidence in this case was conflicting, and there is competent evidence which reasonably tends to support the judgment of the trial court. It follows, under the facts, that the judgment of the trial court must be affirmed.

LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 883, §2855; 2 R. C. L. p. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.